[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12066
Non-Argument Calendar
_____

D.C. Docket No. 2:18-cv-00120-RWS


WASTECARE CORPORATION.,

                                                    Plaintiff-Appellee,

versus

HARMONY ENTERPRISES, INC.,

                                                    Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 23, 2020)

Before JORDAN, BRANCH, and TJOFLAT, Circuit Judges.

PER CURIAM:

This appeal arises from a lawsuit between WasteCare Corporation ("WasteCare") and its partner in the sale and manufacture of automatic trash compactors ("ACR"), Harmony Enterprises ("Harmony"). When their two-decade business relationship proved unsuccessful, WasteCare filed suit against Harmony, seeking relief for Harmony's alleged violation of the parties' Licensing Agreement (the "Agreement"). In response, Harmony moved to stay the proceeding and compel binding arbitration pursuant to the Agreement's arbitration provision. The district court granted Harmony's motion, but upon WasteCare's motion for reconsideration and leave to file an amended complaint, vacated that order. Harmony now appeals. Because we find the district court erred in vacating its prior order compelling arbitration, we reverse.

I

WasteCare, a Georgia corporation, led the development of the ACR—an automatic trash compactor designed for restaurants chains, airports, and other public establishments. On January 7, 2005, it entered into the underlying Agreement with Harmony, a Minnesota corporation. The Agreement provided that Harmony would continue to manage the ACR design, manufacture, and service, as well as assume WasteCare's sales and marketing responsibilities. The Agreement further required Harmony to pay WasteCare royalties on all new ACRs that Harmony "caused to be sold."

2

On May 18, 2018, WasteCare filed a complaint in Georgia state court. The original complaint alleged that Harmony colluded with other ACR sellers to act as "secret sales arms" and sell WasteCare's ACRs in order to avoid paying WasteCare royalties. WasteCare also alleged that Harmony failed to comply with the monthly reporting requirement under the Agreement regarding new ACRs Harmony "has sold or has caused to be sold to any entity." Thus, WasteCare argued Harmony materially breached the Agreement and sought what it described as "equitable relief" for this breach. Specifically, WasteCare's original complaint requested: (1) "a declaratory judgment that . . . Harmony violated [the Agreement], . . ." (2) an accounting of royalties owed by Harmony to WasteCare pursuant to the Agreement, and (3) an injunction terminating Harmony's rights in the ACR product line "for a period of 10 years." Harmony successfully removed the case to the United States District Court for the Northern District of Georgia and then moved to stay proceedings and compel binding arbitration.

Harmony pointed to the arbitration clause in the parties' Agreement, which provides:

> In the event that any controversy or claim (excepting claims as to which party may be entitled to equitable relief) arising out of this Agreement cannot be settled by the parties hereto, such controversy or claim shall be settled by arbitration in accordance with the then current commercial rules of arbitration of the American Arbitration Association.

Harmony asserted the carveout for equitable claims did not apply because WasteCare's complaint mischaracterized its breach of contract claims as equitable ones.

WasteCare responded to the motion by noting that its complaint, "seeks only equitable relief and nothing else." The district court found "it is clear that [WasteCare] is attempting to assert breach of contract claims against [the] Defendant under the guise of an action for equitable relief." In so finding, the district court granted Harmony's motion to compel arbitration.

WasteCare then moved for reconsideration pursuant to Rule 54(b) of the Federal Rules of Civil Procedure[1] and, in the alternative, leave to file an Amended Complaint. **[Doc. 15.]** The Amended Complaint attached to the motion abandoned the request for declaratory relief, and instead requested: (1) rescission of the Agreement, (2) an accounting of the royalties Harmony owes, and (3) injunctive relief barring Harmony from competing in the domestic ACR industry for 10 years.

The district court granted *both* forms of relief. The district court explained that it "reviewed the proposed Amended Complaint . . . and [found] that it properly asserts cognizable equitable claims that appear to fall within the express exception

---

[1] Rule 54(b) states, in relevant part, that "any order . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

provided by the parties' Licensing Agreement." Accordingly, the district court allowed WasteCare to file the Amended Complaint and vacated its prior order compelling arbitration.

On appeal, Harmony asserts the district court "abused its discretion and committed clear error" by reconsidering its initial motion compelling arbitration and thereby improperly determining the issue of arbitrability.

II.

We review a district court's grant of a motion for reconsideration for abuse of discretion. *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F. 2d 800, 805–806 (11th Cir. 1993). "A district court by definition abuses its discretion when it makes an error of law." *Koon v. United States*, 518 U.S. 81, 100 (1996). "We review *de novo* both the district court's denial of a motion to compel arbitration and the district court's interpretation of an arbitration clause." *Jones v. Waffle House, Inc.*, 866 F.3d 1257, 1263 (11th Cir. 2017) (internal citations omitted). The grant of WasteCare's motion for reconsideration was effectively a denial of Harmony's motion to compel arbitration. We therefore review the district court's decision *de novo*.[2]

---

[2] Because we hold that the district court erred by making an error of law, whether we review this decision *de novo* or under an abuse of discretion standard does not, at bottom, affect the outcome. *See Koon*, 518 U.S. at 100 ("Little turns, however, on whether we label review of this particular question abuse of discretion or *de novo*, for an abuse-of-discretion standard does not mean a mistake of law is beyond appellate jurisdiction. . . . The abuse-of-discretion standard

III.

The parties disagree as to whether it was appropriate for the district court to entertain WasteCare's motion for reconsideration in the first place.[3] But at the heart of this appeal is whether, by granting the motion for reconsideration and reversing its prior order compelling arbitration, the district court erred in determining the issue of arbitrability. Harmony argues that, under the Agreement, the question of the arbitrability of WasteCare's claims should have been submitted to the arbitration panel. We agree.

"Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986). And "when the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract . . . even if the court thinks that the

---

includes review to determine that the discretion was not guided by erroneous legal conclusions.").

[3] Harmony argues that the district court abused its discretion by considering WasteCare's motion for reconsideration even though its motion was untimely and "inappropriate." Harmony also claims that the district court abused its discretion by failing to provide an adequate explanation for its decision to grant the motion for reconsideration. Because we hold that the district court erred in granting the motion for reconsideration on other grounds, we need not reach those arguments here.

Harmony also makes a related argument that the district court abused its discretion in allowing WasteCare to amend its complaint because that amendment was futile. "The decision whether to grant leave to amend is committed to the sound discretion of the trial court." *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984); *see also* Fed. R. Civ. P. 15(a)(2). Given that wide grant of discretion, we decline to find that the district court abused it here.

6

argument that the arbitration agreement applies to a particular dispute is wholly groundless." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529 (2019).

Here, the parties agreed to submit the issue of arbitrability to the arbitrators. As noted above, the Agreement's arbitration clause invokes the "current commercial rules of arbitration of the American Arbitration Association." Rule 7(a) of the American Arbitration Association ("AAA") Commercial Rules, in turn, provides that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement."[4] Am. Arbitration Ass'n, Commercial Rules, https://adr.org/sites/default/files/Commercial%20Rules.pdf. We have held that where the parties expressly incorporate the AAA rules into an arbitration provision, "this alone serves as a clear and unmistakable delegation of questions of arbitrability to an arbitrator." *JPay, Inc. v. Kobel*, 904 F.3d 923, 936 (11th Cir. 2018); *see also Terminix Int'l Co. v. Palmer Ranch LP*, 432 F.3d 1327, 1332 (11th Cir. 2005). Harmony and WasteCare therefore clearly and unmistakably delegated questions of arbitrability to an arbitrator.

---

[4] The current version of the AAA rules has been in effect since October 1, 2013 and therefore applies to this dispute.

WasteCare asserts *JPay* is inapposite because in that case we found intent to delegate questions of arbitrability to an arbitrator where the parties' agreement incorporated the AAA rules *and* included an express delegation of questions of arbitrability. This argument is unpersuasive. We expressly stated in *JPay* that the incorporation of the AAA rules "alone serves as a clear and unmistakable delegation of questions of arbitrability to an arbitrator" and that *either* the incorporation of the AAA rules *or* an express delegation "would amount to a clear and unmistakable delegation of questions of arbitrability to the arbitrator." *JPay*, 904 F.3d at 936.

The arbitration provision's carve-out for equitable relief does not affect this analysis. Although WasteCare's claims may indeed be equitable ones, that "confuses the question of who decides arbitrability with the separate question of who prevails on arbitrability." *Schein*, 139 S. Ct. at 531. In *Schein*, the Supreme Court considered an arbitration provision that included a carve-out for equitable relief and provided AAA rules would govern arbitration.[5] *Id.* at 528. The Court

---

[5] In full, the arbitration provision at issue in *Schein* provided:

*Disputes.* This Agreement shall be governed by the laws of the State of North Carolina. Any dispute arising under or related to this Agreement (**except for actions seeking injunctive relief and disputes related to trademarks, trade secrets, or other intellectual property of [Schein]**), shall be resolved by binding arbitration in accordance with the arbitration rules of the American Arbitration

rejected the argument that the district court could determine the gateway question of arbitrability because the plaintiff's claims clearly fit into the carve-out provision, rendering the defendant's argument for arbitration "wholly groundless." *Id.* at 539.  Citing *AT&T Technologies*, the Court held, "[j]ust as a court may not decide a merits question that the parties have delegated to an arbitrator, a court may not decide an arbitrability question that the parties have delegated to an arbitrator."  *Id.* at 530; *see also Jones*, 866 F.3d at 1269 ("If the parties clearly and unmistakably intended to arbitration all gateway issues, then all gateway issues—regardless of how frivolous the court may deem them to be—should be arbitrated.") (emphasis in original).  Here, the parties expressly delegated the arbitrability issue to an arbitrator.  Thus, the arbitrator must decide whether WasteCare can litigate its claims in district court.[6]

Accordingly, the district court erred in granting reconsideration of its prior order compelling arbitration, which effectively denied Harmony's motion to compel.  We, therefore, REVERSE the district court's reconsideration of its order

---

Association [(AAA)]. The place of arbitration shall be in Charlotte, North Carolina.

*Schein*, 139 S. Ct. at 528 (emphasis added).

[6] This Court, therefore, cannot address Harmony's argument that WasteCare's claims fall within the scope of the arbitration provision.  That question must be resolved by the arbitrator.

9

compelling arbitration and REMAND with instructions that WasteCare's claims be referred to arbitration.

**REVERSED and REMANDED.**

**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

July 23, 2020

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 19-12066-EE
Case Style: WasteCare Corporation v. Harmony Enterprises, Inc.
District Court Docket No: 2:18-cv-00120-RWS

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing, are available at www.ca11.uscourts.gov.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against the appellee.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Elora Jackson, EE at (404) 335-6173.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna H. Clark
Phone #: 404-335-6151

OPIN-1A Issuance of Opinion With Costs